IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KRISHNENDU DASGUPTA | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 4:23-cv-00838 |
| BECKETT COLLECTIBLES, LLC | § § § | |
| *Defendant.* | § § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Beckett Collectibles, LLC ("Beckett"), hereby removes this action from the 471st Judicial District Court of Collin County, Texas. Removal is proper because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### State Court Action

1.  Plaintiff Krishnendu Dasgupta filed his Original Petition in Texas state court on August 14, 2023. That state court action is Cause No. 471-04505-2023, styled *Krishnendu Dasgupta v. Beckett Collectibles, LLC*, currently pending in the 471st Judicial District Court, Collin County, Texas ("State Court Action").

### Procedural Requirements and Supporting Exhibits

2.  Defendant received service of process on August 23, 2023. *See* Return of Service, attached as Ex. B-2. Defendant removes the State Court Action within 30 days of service. Therefore, removal is timely. 28 U.S.C. §1446 (b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date); *City of Clarksdale*

*v. Bell-South Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (only formal service of process triggers the 30-day period).

3. The State Court Action is pending within this district and division. Therefore, removal to this Court is proper. 28 U.S.C. § 1446(a).

4. In accordance with 28 U.S.C. § 1446(a), and Local Rule CV-81, the following documents are attached to this Notice:

| Exhibit | | Description |
|---|---|---|
| A | | State Court Docket Sheet - Certified |
| B | | All pleadings that assert causes of action, all answers, and all process and orders from the State Court |
| | 1 | Plaintiff's Original Petition |
| | 2 | Affidavit of Service with Citation |
| C | | List of Attorneys of Record |
| D | | List of All Parties and Name of State Court |

5. Defendant files a copy of this Notice in the 471st Judicial District Court, Collin County, Texas, concurrently with filing this Notice in this Court. 28 U.S.C. § 1446(d).

## Diversity Jurisdiction

6. Removal of a state court civil action to federal court is proper where the parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1332(a) & 1441(a). An individual is a citizen in the state in which he is domiciled. *See Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007). For the purpose of determining diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

**A.     Complete Diversity**

7.      There is complete diversity in this case.  Plaintiff is a citizen of Connecticut.  *See* Exhibit B-1, p. 1, § 1(c).

8.      Defendant is a citizen of a state other than Connecticut.  Specifically, Defendant is a North Carolina limited liability company whose principal place of business is located in Texas.  The sole member of Defendant is Beckett Collectible Holdings, LLC, which is a North Carolina limited liability company whose principal place of business is located in Florida.  The sole member of Beckett Collectible Holdings, LLC is BKX Holdings, LLC, which is a North Carolina limited liability company whose principal place of business is located in Florida.  The sole member of BKX Holdings, LLC, is the Beckett Collectibles Trust.

9.      The Beckett Collectibles Trust is a statutory business trust organized under the laws of Delaware, pursuant to DEL. CODE ANN. TIT. 12 §§ 3801 *et seq*.  A Delaware statutory business trust is an unincorporated association, under Delaware law.  DEL. CODE ANN. TIT. 12 § 3801(i); *see also Dawson v. Wal-Mart Stores, Inc.*, No. 4:23-CV-458-SDJ, 2023 WL 4303639, at *3 (E.D. Tex. June 30, 2023) (analyzing citizenship of Delaware statutory business trust).  Thus, the Beckett Collectibles Trust possesses the citizenship of all its owners.  *See Dawson*, 2023 WL 4303639, at *3; *see also Americold Realty Trust v. Conagra Foods., Inc.*, 577 U.S. 378, 379 (2016).

10.     The grantor and sole beneficiary of the Beckett Collectibles Trust is Entrust Global Group, LLC, which is a North Carolina limited liability company whose principal place of business is located in Florida.  The sole member of Entrust Global Group, LLC, is EGX Holdings, LLC, which is a North Carolina limited liability company whose principal place of business is located in Florida.  The sole member of EGX Holdings, LLC, is GHTG Investment, LLC, which is a North Carolina limited liability company whose principal place of business is located in Florida.  The

sole member of GHTG Investment, LLC, is Global Health Technology Group, LLC, which is a North Carolina limited liability company whose principal place of business is located in Florida. The sole member of Global Health Technology Group, LLC, is Flagship Holdings, LLC, which is a North Carolina limited liability company, whose principal place of business is located in Florida. The sole member of Flagship Holdings, LLC, is Global Growth Holdings, Inc., which is a Delaware corporation, whose principal place of business is located in Florida.

**B.      Amount in Controversy**

11.      The sum a plaintiff demands in good faith in the complaint usually establishes the amount in controversy. 28 U.S.C. § 1446(c)(2); *see, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, Plaintiff's Original Petition states that he "seeks monetary relief over $1,000,000." Exhibit B-1, p. 1, § 1(b). It is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000. Accordingly, removal to this Court is proper.

**Conclusion**

12.      Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441 because there is complete diversity and more than $75,000 in controversy. Accordingly, Defendant removes the State Court Action to the United States District Court for the Eastern District of Texas, Sherman Division, so that this Court may assume jurisdiction over the cause as provided by law.

Dated: September 21, 2023

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin
Texas Bar No. 24028045
Justin D. Hanna
Texas Bar No. 24095726
Christiana L. Leinbaugh
Texas Bar No. 24127928
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone 214-265-3800
Facsimile  214-691-6311
Email: atobin@condontobin.com
          jhanna@condontobin.com
          cleinbaugh@condontobin.com

*Attorneys for Beckett Collectibles, LLC*

## CERTIFICATE OF SERVICE

I certify that, on September 21, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

W. D. Masterson
KILGORE & KILGORE, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
wdm@kilgorelaw.com

*Attorney for Plaintiff*

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin