# EXHIBIT A



Abigail R.S. Campbell

Direct Dial: 214-265-3891
E-Mail: acampbell@condontobin.com

April 8, 2024

Via E-mail: wdm@kilgorelaw.com
W.D. Masterson
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219

      RE:    *Krishnendu Dasgupta v. Beckett Collectibles, LLC*, Case No. 4:23cv838, in the Eastern District of Texas, Sherman Division

Dear Bill,

After reviewing Plaintiff Krishnendu Dasgupta's Responses and Objections to Defendant Beckett Collectibles, LLC's ("Beckett") Requests for Production and Interrogatories along with the materials produced by Plaintiff to date, there are several deficiencies. Please address each of the following:

      1.    In response to both Beckett's Requests for Production and Interrogatories, Plaintiff asserts free-standing and purportedly universally applicable "general objections." This practice is improper and inconsistent with the Federal Rules. *Heller v. City of Dallas*, 303 F.R.D. 466, 484 (N.D. Tex. 2014). Not only do these objections not contain the specific explanations required, but it is unclear what requests Plaintiff purports to apply the objections to and whether information is being withheld based on these general objections. *See id.* at 483-84. Please remove these general objections and produce the requested information.

      2.    In response to every single Interrogatory and Request for Production, Plaintiff asserts boilerplate objections without any explanation or reasoning. For example, Plaintiff objects that a request is "vague, ambiguous and overbroad" without any specifics. These objections are improper. *See Heller,* 303 F.R.D. at 483 (boilerplate or unsupported objection are improper and ineffective) *citing Mancia v. Mayflower Textile Services. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) (noting that, despite Rule 26(g), "boilerplate objections that a request for discovery is 'overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts") *and citing Cartel Asset Mgmt. v. Ocwen Fin. Corp.,* No. 01–cv–01644–REB–CBS, 2010 WL 502721, at *10 (D.Colo. Feb. 8, 2010) ("objecdtions to discovery must be made with specificity and the responding party has the obligation to explain and support its objections"). Please withdraw these objections and produce the requested information.

      3.    In response to every Interrogatory and all but one Request for Production, Plaintiff

April 8, 2024
Page 2

responds "without waiving the foregoing objections."[1] The Federal Rules prohibit this practice as it is unclear whether responsive documents have been produced, whether there are still outstanding documents to be produced, or whether documents are being withheld based on the objections. *See Heller*, 303 F.R.D. at 487. Indeed, Rule 33(b)(2)(C) expressly requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Please amend Plaintiff's responses to state whether Plaintiff is withholding any documents based on his objections, if additional documents will be produced and when, or if all documents have been produced.

4. In response to multiple Requests for Production, Plaintiff asserts an objection that "the response to this request may be derived and/or ascertained from Defendant."[2] THis is not a valid objection. *See e.g., Van Dyke v. Retzlaff*, No.___, 2020 WL 1866075, at *2 (E.D. Tex. April 14, 2020) ("The fact that a party could find the information does not necessarily mean that such information is undiscoverable."). Even if it were a valid objection, it is factually inaccurate. Indeed, the requests seek information that is broader than just communications or documents that Beckett could have been a party to or are directly related to Plaintiff's allegations, which Beckett denies and thus, would not have such supporting information. Please withdraw these objections and produce the requested information.

5. Plaintiff's production appears to lack significant documents. Specifically, Plaintiff alleges he had conversations with third parties and has even produced alleged statements from third parties but has not produced any communications with these third parties, including requests for such statements or the third party's delivery of the statement to Plaintiff. Please produce *all* responsive documents.

6. In response to Request for Production 16, Plaintiff objects and refuses to produce responsive information. Plaintiff's current employment and details related thereto are directly relevant to the claims and defenses at stake in this litigation, including Plaintiff's qualifications and ability to meet the requirements of his employment while at Beckett and Plaintiff's position now. Please produce the requested information.

7. Interrogatory 1 requests Plaintiff state whether he believes he may or will call a witness to testify in this matter if it proceeds to trial. Plaintiff did not provide this information. Please amend the response to provide the requested information.

8. In response to Interrogatory 7, Plaintiff asserts improper and inapplicable objections and then states "Plaintiff will supplement." Interrogatory No. 7 simply requests more information, specifically, the identity of the "executives" referenced in Paragraph 2.15 of the Complaint. Such information should have been readily available to Plaintiff since it is based on his own allegation. Moreover, it is unclear when Plaintiff will supplement this response. Please remove the objections and provide the requested information.

---

[1] Responses to Requests for Production 1-15, 17-19; Responses to Interrogatories 1-19.
[2] Responses to Requests for Production 4, 7, 14-15.

April 8, 2024
Page 3

      9.      Plaintiff's response to Interrogatory 8 is non-responsive. Specifically, Interrogatory 8 requests information that supports Plaintiff's own allegation that he fully performed his contract obligations, thereby taking his employment contract outside of the parol evidence rule. Plaintiff asserts improper and inapplicable objections and then provides details about his alleged damages. This response fails to provide any information to support the allegation as requested by the Interrogatory. Please remove the objections and provide the requested information.

      10.     Plaintiff's response to Interrogatory 13 is non-responsive. Specifically, this Interrogatory requests information that supports Plaintiff's own allegation that Beckett accepted and retained the benefits of Plaintiff's efforts by receiving and retaining substantial revenues. Plaintiff's response refers to his response to Interrogatory 9 which merely details Plaintiff's alleged damages. This is non-responsive. Please remove the objections and provide the requested information.

      11.     Plaintiff refuses to respond to Interrogatory 14 claiming that liquidated damages are not subject to mitigation. However, in response to Interrogatory 8, Plaintiff states that he suffered from future lost earning and damages to earnings capacity, making mitigation relevant to this litigation. Please provide the requested information.

      12.     For the same reasons, please provide a response to Interrogatory 17.

      13.     In response to multiple requests for production and interrogatories, Plaintiff asserted an objection based on privilege but did not produce a privilege log. Please provide a privilege log or remove the objections.

      So that we may resolve these issues and move forward with discovery in this matter, please address the issues in this letter no later than April 15, 2024. Otherwise, Beckett will seeks the Court's intervention according to the Federal Rules of Civil Procedure. I am generally available to discuss.

      Please also provide available dates for Mr. Dasgupta's deposition.

      Thank you for your prompt attention.

      Best regards,

      *Abigail R.S. Campbell*
      Abigail R.S. Campbell