Plaintiff's Exhibit

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KRISHNENDU DASGUPTA,** | § § § § | |
| *Plaintiff,* | | |
| v. | § § § | CIVIL ACTION NO. 4:23-CV-00838 |
| **BECKETT COLLECTIBLES, LLC** | § § § § § § | JUDGE MAZZANT |
| *Defendant.* | | |

---

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

To: **KRISHNENDU DASGUPTA, c/o their counsel of record, W.D. Masterson, Kilgore & Kilgore, PLLC, 3141 Hood Street, Suite 500, Dallas, Texas 75219.**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Beckett Collectibles, LLC ("Beckett" or "Defendant"), hereby serves this, its Objections and Responses to Plaintiff Krishnendu Dasgupta ("Plaintiff" or "Dasgupta") First Set of Interrogatories as follows:

Dated:  April 17, 2024

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone 214-265-3800
Facsimile 214-691-6311
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that on April 17, 2024 the foregoing document was served on the following via e-mail, pursuant to the Federal Rules of Civil Procedure.

W.D. Masterson
KILGORE & KILGORE, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
Telephone: (214) 969-9099
Facsimile: (214) 953-0133
wdm@kilgorelaw.com
***Attorneys for Plaintiff***

*/s/ Abigail R.S. Campbell*
Abigail R.S. Campbell

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT** – Page 2

28246946v1 92001.040.00

**STATEMENT REGARDING OBJECTIONS AND RESPONSES**

1. Unless otherwise indicated, Defendant does not interpret the form of the individual requests to seek information regarding or relating to: (1) correspondence between Defendant and its attorneys; (2) communications between or among Defendant and their representatives subsequent to notification that Plaintiff would be asserting a claim made in connection with the investigation and defense of such claim; (3) notes or other work product of Defendant's attorneys; (4) other documents created by or for lawyers or their representatives (including investigators); and (5) documents prepared by consulting experts, regardless of whether the documents apply to this or another suit or claim which has been made or is anticipated. If any of the specific requests are intended by Plaintiff to include any of these privileged items, Defendant requests that Plaintiff identify in writing the requests, and the specific privileged information that is sought.

2. Defendant objects to Plaintiff's Additional Instructions No. 4 as overbroad and unduly burdensome because it seeks to require Defendant to search for and detail information beyond what is required by the Federal Rules of Civil Procedure.

3. Defendant objects to Plaintiff's time period, January 1, 2019 to the present, as overbroad and unduly burdensome because it includes a significant time period that is not relevant to the claims and defenses at stake in this litigation and the burden on Defendant to search for and produce such information is outweighed by any benefit to Plaintiff, if any. Specifically, the Employment Agreement between Plaintiff and Defendant is dated March 24, 2022 and was not effective until September 2022. Plaintiffs causes of actions are solely based on

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT** – Page 3
3
28246946v1 92001.040.00

PApp 032

his employment with Defendant. Consequently, including over three years' time prior to even executing the employment agreement is unreasonable.

  4. Defendant objects to Plaintiff's definition of "incident" as vague and ambiguous because there are no facts or circumstances concerning the payment of commissions to Plaintiff described in the Petition.

## OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories. If more than one person provided the answers or information, identify the specific Interrogatories answered by each person.

**ANSWER:** In response to this interrogatory, Beckett states that Kevin Isaacson, with the assistance of counsel, contributed information used in answering these interrogatories.

**INTERROGATORY NO. 2:** Identify each and every allegation in Plaintiff's Original Complaint filed in this lawsuit which you assert is false or inaccurate, and detail specifically all facts, proof, or evidence you claim prove these allegations are false or inaccurate, and identify the true or accurate facts which demonstrate the falsity or inaccuracy of such allegations.

**ANSWER:** Beckett objects to this interrogatory because the phrase "Original Complaint" is not defined by Plaintiff and is vague and confusing as Plaintiff has not filed a Complaint in this matter. Beckett further objects to this request as premature as such information will be provided if and when Beckett is required to file an answer to Plaintiff's Petition.

**INTERROGATORY NO. 3:** Please provide all reasons Defendant terminated Plaintiff.

**ANSWER:** In response to this interrogatory, Beckett states that as Plaintiff has previously been informed, Beckett terminated Plaintiff for Cause as a result of his insubordination and dishonesty in project updates that caused material injuries to Beckett.

**INTERROGATORY NO. 4:** Identify every lawsuit filed in the last 3 years to the present against you or your predecessor or successor corporations alleging any cause of action regarding breaches of contract, or any unfair labor or employment practices.

**ANSWER:** Beckett objects to this interrogatory as unduly burdensome, overbroad, and not likely to lead to the discovery of admissible evidence because it seeks unrelated lawsuit information for a period of three years that in no way relate to the litigation filed by Plaintiff,

which does not allege any unfair labor or employment practices and only relates to Plaintiff's Employment Agreement. Additionally, such information, if any, is publicly available and thus, obtainable through less burdensome means than from Beckett.

**INTERROGATORY NO. 5:** Identify every person Defendant interviewed, spoke with, talked to, and/or consulted about the facts giving rise to Plaintiff's termination, and for each such person, provide his or her full name job title, and if not still employed by Defendant, his or her last known home address and telephone number.

**ANSWER:** In response to this interrogatory, Beckett refers Plaintiff to its Initial Disclosures. As an update to Beckett's Initial Disclosures, Scott Roskind and Joseph Smith are no longer employed at Beckett.

**INTERROGATORY NO. 6:** Set forth what actions Defendant took after Plaintiff complained about Justin Richmond.

**ANSWER:** Beckett objects to this interrogatory as unduly burdensome, overbroad, and not likely to lead to the discovery of admissible evidence because it seeks unrelated lawsuit information for a period of three years that in no way relate to the litigation filed by Plaintiff. Thus, the burden on Beckett to search for and produce such information is outweighed by any benefit to Plaintiff, if any.

**INTERROGATORY NO. 7:** Set forth the names of the individuals who were interviewed about Plaintiff's about Justin Richmond [sic].

**ANSWER:** Beckett objects to this interrogatory as unduly burdensome, overbroad, and not likely to lead to the discovery of admissible evidence because it seeks unrelated lawsuit information for a period of three years that in no way relate to the litigation filed by Plaintiff. Thus, the burden on Beckett to search for and produce such information is outweighed by any benefit to Plaintiff, if any.

**INTERROGATORY NO. 8:** Set forth every reason why you did not provide Plaintiff the separation agreement when terminated.

**ANSWER:** In response to this interrogatory, Beckett states that it terminated Plaintiff for Cause, which pursuant to the Employment Agreement, does not require the execution of a separation agreement.

**INTERROGATORY NO. 8:** Set forth every reason why you did not pay Plaintiff the severance payment equal to his current base salary when terminated.

**ANSWER:**  In response to this interrogatory, Beckett states that it terminated Plaintiff for Cause, which pursuant to the Employment Agreement, does not entitle Plaintiff to a severance payment.

**INTERROGATORY NO. 9:** Please explain in detail why the interviews were conducted in the conference room next to David Holloways office.

**ANSWER:**  Beckett objects to this request as vague and ambiguous in total and does not allow Beckett to determine what information is responsive. Specifically, Beckett is not aware what "interviews" Plaintiff is referencing and why or how such interviews are relevant to this litigation.

**INTERROGATORY NO. 10:** Please provide a list of witnesses and what you believe they will testify to at trial, including role at the time of the termination and current role at Beckett.

**ANSWER:** Beckett objects to this request as premature. Beckett will provide a witness list at the appropriate time as required by the Federal Rules and the Court's Scheduling Order.

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Kevin Isaacson, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me to be the duly authorized representative of Beckett Collectibles, LLC, Defendant in the above-numbered and entitled cause of action, and after being duly sworn, stated that the above and foregoing factual statements contained in the interrogatories are true and correct.

*[signature]*
Kevin Isaacson, CEO
Beckett Collectibles, LLC

SWORN TO AND SUBSCRIBED BEFORE ME by the said _ID_ on this the 16th day of _April_, 2024 to certify which witness my hand and seal of office.

*[signature]*
Notary Public in and for the
State of Texas

My Commission Expires:

CYNTHIA D NAVARRO
Notary ID #10012167
My Commission Expires
December 7, 2026

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES TO DEFENDANT – Page 7
7

28246946v1 92001.040.00