# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KRISHNENDU DASGUPTA,<br>*Plaintiff*,<br><br>vs.<br><br>BECKETT COLLECTIBLES, LLC,<br>*Defendant*. | §<br>§<br>§<br>§   Civil Action No. 4:23-CV-00838<br>§   Judge Mazzant<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Beckett Collectibles LLC's Motion to Dismiss (Dkt. #14) and Motion to Strike Untimely Response and Reply in Support of Motion to Dismiss (Dkt. #19). Having considered the motions and the relevant pleadings, the Court finds that Defendant Beckett Collectibles LLC's Motion to Strike Untimely Response and Reply in Support of Motion to Dismiss (Dkt. #19) should be **DENIED**. Further, the Court finds that Defendant Beckett Collectibles LLC's Motion to Dismiss (Dkt. #14) should be **DENIED**.

## BACKGROUND

Plaintiff Krishnendu Dasgupta ("Dasgupta") alleges that Defendant Beckett Collectibles, LLC ("Beckett") terminated him without cause and therefore—pursuant to his employment agreement—is owed a severance payment (*See* Dkt. #1-2 at pp. 6–8). Beckett disagrees. Rather, Beckett alleges it fired Dasgupta for cause because he "failed to fulfill his duties and responsibilities, flagrantly defied senior management, and flaunted his insubordination" (Dkt. #14 at p. 1).

Dasgupta filed his original petition in state court on August 14, 2023 (Dkt. #1-2 at p. 1). On September 21, 2023, Beckett removed the suit to federal court (Dkt. #1). On November 15, 2023, Beckett filed its Motion to Dismiss arguing Dasgupta failed to plead sufficient facts to support his breach of contract claim or a claim for unjust enrichment (Dkt. #14 at pp. 5–11). Dasgupta's response was due on or before November 29, 2023; however, Dasgupta missed this deadline.[1] On December 1, 2023, Becket filed its Notice of Submission of Defendant's Motion to Dismiss (Dkt. #16), informing the Court that the Motion to Dismiss was ripe for consideration. Dasgupta, without seeking the Court's leave, filed a response to the Motion to Dismiss on December 2, 2023 (*See* Dkt. #17). Beckett then filed its Motion to Strike Untimely Response and Reply in Support of Motion to Dismiss ("Motion to Strike") on December 11, 2023 (Dkt. #19). Dasgupta filed his Response in Opposition to Defendant's Motion to Strike on December 12, 2023 (Dkt. #20).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City*

---

[1] *See* Local Rule CV-7(e) ("A party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision.").

2

*of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I. The Motion to Strike

The Court finds that the Motion to Strike should be denied. The Court has noted that "it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-cv-792, 2019 WL 6255733, at *3 (E.D. Tex. Nov. 22, 2019) (quoting *Augustus v. Bd. of Pub. Instruction of Esambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962). Here, the drastic remedy—striking the pleading—is unwarranted.

### II. The Motion to Dismiss

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Dasgupta has stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Beckett Collectibles LLC's Motion to Strike Untimely Response and Reply in Support of Motion to Dismiss (Dkt. #19) is **DENIED**. Further, Defendant Beckett Collectibles LLC's Motion to Dismiss (Dkt. #14) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED** this 30th day of September, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE