# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KRISHNENDU DASGUPTA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 4:23-CV-838 |
| v. § | Judge Mazzant |
| § | |
| BECKETT COLLECTIBLES, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment and Brief in Support (Dkt. #29) as well as Beckett Collectibles, LLC's Objections to Plaintiff's Responsive Summary Judgment Evidence (Dkt. #39). Having considered the relevant arguments, pleadings, and caselaw, the Court finds that Plaintiff's Motion for Summary Judgment and Brief in Support should be **DENIED**; further, Beckett Collectibles, LLC's Objections to Plaintiff's Responsive Summary Judgment Evidence should be **OVERRULED**.

### BACKGROUND

On July 3, 2024, Plaintiff filed its Motion for Summary Judgment and Brief in Support (Dkt. #29). On the same day, Plaintiff also filed his Appendix in Support of Plaintiff's Motion for Summary Judgment (Dkt. #30) and a proposed order (Dkt. #31). Defendant filed its Response on July 26, 2024 (Dkt. #35). On August 8, 2024, Defendant filed its Objections to Plaintiff's Responsive Summary Judgment Evidence (Dkt. #39). Plaintiff did not respond.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating

there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After careful review of the record and the arguments, the Court is not convinced that Plaintiff has met his burden demonstrating that there is no material issue of fact to entitle Plaintiff to judgment as a matter of law.[1]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment and Brief in Support (Dkt. #29) is **DENIED**.

It is further **ORDERED** that Beckett Collectibles, LLC's Objections to Plaintiff's Responsive Summary Judgment Evidence (Dkt. #39) are **OVERRULED**.

**IT IS SO ORDERED.**

---

[1] The Court finds that to the extent it relied on any evidence in determining Plaintiff's Motion for Summary Judgment and Brief in Support (Dkt. #29), Defendant's Objections to Plaintiff's Responsive Summary Judgment Evidence (Dkt. #39) are overruled. *Cf. Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citations omitted) (noting that at the summary judgment stage, the district court must consider all of the evidence in the record to determine whether there is a dispute as to any material fact and draw all reasonable inferences in the light most favorable to the nonmoving party).

**SIGNED this 21st day of November, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE