# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| KRISHNENDU DASGUPTA, § § § | |
| *Plaintiff,* § § | Civil Action No. 4:23-CV-838 |
| v. § § | Judge Mazzant |
| BECKETT COLLECTIBLES, LLC, § § § | |
| *Defendant.* § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Corrected Defendant's Motion for Summary Judgment and Brief in Support (Dkt. #36) as well as Plaintiff's First Supplemental Response in Opposition to Defendant's Corrected Motion for Summary Judgment, Motion to Strike and Brief in Support (Dkt. #45). Having considered the relevant arguments, pleadings, and caselaw, the Court finds that the Corrected Defendant's Motion for Summary Judgment and Brief in Support should be **GRANTED in part** and **DENIED in part**; further, Plaintiff's First Supplemental Response in Opposition to Defendant's Corrected Motion for Summary Judgment, Motion to Strike and Brief in Support should be **DENIED**.

### BACKGROUND

On July 31, 2024, Defendant filed its corrected Motion for Summary Judgment and Brief in Support (Dkt. #36). Plaintiff filed his Response on August 1, 2024 (Dkt. #37). On August 8, 2024, Defendant filed its Reply (Dkt. #38). Plaintiff then filed his First Supplemental Response in Opposition to Defendant's Corrected Motion for Summary Judgment, Motion to Strike and Brief

in Support on November 5, 2024 (Dkt. #45). On November 19, 2024, Defendant filed a Response (Dkt. #46).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News,*

*Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### I. Motion for Summary Judgment

#### A. Breach of Contract Claim

After careful review of the record and the arguments, the Court is not convinced that Defendant has met its burden demonstrating that there is no material issue of fact to entitle Defendant to judgment as a matter of law on Plaintiff's breach of contract claim.

#### B. Quantum Meruit/Unjust Enrichment Claim

Plaintiff's quantum meruit/unjust enrichment claim[1] must be dismissed because of the employment agreement. Defendant argues that the doctrines of quantum meruit and unjust

---

[1] Plaintiff styles this claim as "quantum meruit/unjust enrichment" (Dkt. #3 at p. 7). As explained in the Court's opinion, quantum meruit and unjust enrichment are distinct legal doctrines; however, the Court refers to the doctrines in the same manner as Plaintiff's pleading for the purpose of clarity.

3

enrichment do not apply because the employment agreement precludes recovery under either theory (Dkt. #36 at pp. 13–16). Importantly, Plaintiff did not respond to this argument (*See* Dkt. # 37; Dkt. #45). Though closely related, quantum meruit and unjust enrichment are distinct legal doctrines under Texas law. "Quantum meruit is an equitable theory of recovery which is based on an *implied agreement* to pay for benefits received." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (emphasis added). On the other hand, "[u]njust enrichment is a quasi-contractual claim that is based on the *absence of an express agreement*." *Baker v. Deutsche Bank Nat. Trust Co.*, No. 4:11-CV-61, 2011 WL 5600312, at *3 (E.D. Tex. Oct. 20, 2011) (emphasis added). Here, both doctrines are inapplicable because there is an express agreement—the employment agreement (Dkt. #1-2). Notably, Plaintiff and Defendant do not dispute the employment agreement's existence or its applicability to the dispute before the Court (*See, e.g.*, Dkt. #36; Dkt. #37). Thus, the doctrines of quantum meruit and unjust enrichment do not apply. Therefore, the Court dismisses Plaintiff's quantum meruit/unjust enrichment claim with prejudice.

## II. Motion to Strike

The Court finds that to the extent it relied on any evidence in determining Defendant's Motion for Summary Judgment (Dkt. #36), Plaintiff's Motion to Strike (Dkt. #45) is denied. *Cf. Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citations omitted) (noting that at the summary judgment stage, the district court must consider all evidence in the record to determine whether there is a dispute as to any material fact and draw all reasonable inferences in the light most favorable to the nonmoving party). Accordingly, Plaintiff's Motion to Strike is denied.

## CONCLUSION

It is therefore **ORDERED** that Corrected Defendant's Motion for Summary Judgment and Brief in Support (Dkt. #36) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Plaintiff's claim for quantum meruit/unjust enrichment is **DISMISSED WITH PREJUDICE**.

Additionally, it is **ORDERED** that Plaintiff's First Supplemental Response in Opposition to Defendant's Corrected Motion for Summary Judgment, Motion to Strike and Brief in Support (Dkt. #45) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 21st day of November, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE